## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET GREENIDGE : | |
| 20 E. Dickens Rd. : | |
| Claymont, DE 19703 : | CIVIL ACTION |
| : | |
| Plaintiff, : | NO.: |
| : | |
| v. : | |
| : | |
| AVENTURA AT PEMBROOKE, LLC : | |
| d/b/a Aventura at Pembrooke : | **JURY TRIAL DEMANDED** |
| 1130 West Chester Pike, West : | |
| Chester, PA 19382 : | |
| And : | |
| AVENTURA HEALTH GROUP : | |
| 1130 West Chester Pike, West : | |
| Chester, PA 19382 : | |
| : | |
| Defendants. : | |

## CIVIL ACTION COMPLAINT

Margaret Greenidge (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through her undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Aventura at Pembrooke, LLC and Aventura Health Group, Inc. (*hereinafter* collectively referred to as "Defendants") of Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where it is subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Aventura at Pembrooke, LLC is a nursing home located at the above-captioned address that provides around the clock medical and rehabilitation care for short term and long term residents.

8. Aventura Health Group, LLC is upon information and belief, a group health organization that owns and operates various nursing homes throughout Pennsylvania, including the location at which Plaintiff worked (Aventura at Pembrooke, LLC).

9. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, and

other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

10. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

## FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff is a black (African-American) female.

13. Plaintiff was hired to work for Defendants at the location indentified in the above-captioned address on or about October 15, 2018.

14. At all times, Plaintiff was employed by Defendants as a Registered Nurse Supervisor.

15. Throughout her employment with Respondent, Plaintiff performed her job well, was not subject to a history of progressive discipline, and did not experience any significant issues until shortly before her termination from Defendants when she began being supervised by Debbie Supplee (Caucasian – hereinafter "Supplee").

16. While under the supervision of Supplee, Plaintiff was treated in a discriminatory, disparate, and hostile manner based on her race.

17. For example, but not intending to be an exhaustive list, unlike Plaintiff's non-black co-workers, Supplee (1) selectively enforced policies against her; (2) treated her in a rude and demeaning manner; (3) belittled her and tried to embarrass/humiliate her in front of her co-

workers and patients; (4) attempted to issue her pre-textual discipline; and (5) threatened to reduce her hours.

18. As a result of the foregoing, Plaintiff complained to Defendants' Human Resources Manager, Robin (last name unknown – hereinafter "Robin") and Regional Nurse Supervisor (name unknown) on more than one occasion that she felt she was being harassed by Supplee because of her race.

19. Robin and Defendants' Regional Nurse Supervisor did not take Plaintiff's complaints of racial discrimination seriously, never once told Plaintiff that they would perform an investigation into her complaints, and upon information and belief, never performed any meaningful investigation into Plaintiff's expressed concerns.

20. In fact, when Plaintiff followed up with Robin regarding her complaints of racial discrimination, Robin clearly inferred that she feared she would be terminated if she performed any investigation, stating "Margaret, I have to pay my mortgage."

21. Approximately one month prior to her termination from Defendants (and shortly after Supplee became Plaintiff's supervisor), Supplee attempted to issue Plaintiff a Corrective Action Plan ("CAP"). Supplee stated that Plaintiff was being issued the CAP because Plaintiff was allegedly "making a lot of mistakes" and "needed to improve her attendance."

22. Prior to being issued the aforesaid CAP, Defendant has not followed it policy in issuing Plaintiff any progressive discipline.

23. Furthermore, upon information and belief, other employees under Supplee's supervision, who were not of the same race as Plaintiff, previously made mistakes and/or were absent just as much (if not more) than Plaintiff, but they were not subjected to discipline or put on a CAP by Supplee.

24. As a result of receiving the CAP, Plaintiff approached Robin in HR again and expressed concerns of racial discrimination. Plaintiff was informed that the CAP would be rescinded because it was not issued in accordance with Defendants' policy regarding progressive discipline.

25. After being notified that the aforesaid CAP had been rescinded, Supplee threatened Plaintiff by stating that she was going to reduce Plaintiff's hours. However, Robin from HR would not allow her to do so.

26. It was clear that Supplee was trying to terminate Plaintiff's employment and/or make her quit because of Plaintiff's race and/or in retaliation for having complained of racial discrimination.

27. Plaintiff continued to complain of racial discrimination and retaliation to Robin and the Regional Supervisor (specifically as it pertained to how Supplee was treating her) up until the date of Plaintiff's termination in September of 2019.

28. In or about mid-September of 2019, Plaintiff was informed that she was being suspended pending an investigation into alleged errors regarding an admission that Plaintiff was assisting with.

29. On or about September 18, 2019, Plaintiff was told by Robin that she was being terminated, but was never provided with any clear explanation as to why.

30. Plaintiff believes and therefore avers that she was terminated because of her race and/or her complaints of racial discrimination.

## COUNT I
## Violations of 42 U.S.C. Section 1981
**([1] Race Discrimination; [2] Hostile Work Environment; and [3] Retaliation)**

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. During Plaintiff's employment with Defendants, she was subjected to discrimination and a hostile work environment through pretextual discipline, selective enforcement of policies, and demeaning and/derogatory treatment because of her race to the point that Plaintiff had to complain of the aforesaid discriminatory treatment to Defendants' HR manager and Regional Nurse Supervisor (on several occasions)

33. Instead of properly investigating and addressing Plaintiff's aforesaid complaints of racial discrimination, Defendants' left her legitimate concerns unresolved and subjected her to increased hostility and animosity (discussed *supra*).

34. Plaintiff continued to complain about the discriminatory and retaliatory hostile work environment that she was being subjected up until she was suspended and then ultimately terminated in or about September of 2019.

35. On or about September 18, 2019, shortly after her last complaints of racial discrimination and retaliation, Defendants terminated Plaintiff's employment following a 5-day unlawful suspension.

36. Plaintiff believes and therefore avers that she was subjected to a hostile work environment, suspended, and ultimately terminated from her employment with Defendants because of her race and/or her complaints of race discrimination.

37. These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for

Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

   C. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

   D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

   E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

            Respectfully submitted,

            **KARPF, KARPF & CERUTTI, P.C.**

By: _____
    Ari R. Karpf, Esq.
    3331 Street Rd.
    Two Greenwood Square, Suite 128
    Bensalem, PA 19020
    (215) 639-0801

Dated: August 19, 2021

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Margaret Greenidge                                              CIVIL ACTION
   v.
Aventura at Pembrooke, LLC d/b/a Aventura at Pembrooke, et al.      NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 8/19/2021 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 20 W. Dickens Road, Claymont, DE 19703

Address of Defendant: 1130 West Chester Pike, West Chester, PA 19382

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/19/2021          *Attorney-at-Law / Pro Se Plaintiff*          ARK2484 / 91538
                                                                         *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 8/19/2021          *Attorney-at-Law / Pro Se Plaintiff*          ARK2484 / 91538
                                                                         *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
GREENIDGE, MARGARET

**(b)** County of Residence of First Listed Plaintiff: New Castle
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
AVENTURA AT PEMBROOKE, LLC D/B/A AVENTURA AT PEMBROOKE, ET AL.

County of Residence of First Listed Defendant: Chester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Section 1981 (42USC1981)

Brief description of cause:
Violations of Section 1981.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: 
DOCKET NUMBER: 

DATE: 8/19/2021
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE